## FRANK JORDAN V. THE STATE.

No. 10841.  Delivered April 3, 1927.

Rehearing denied June 8, 1927.

**1.—Manslaughter — Charge of Court — On Justifiable Homicide — Properly Refused.**

Art. 1220 of our P. C., which states that a homicide is justifiable when committed upon one taken in the act of adultery with the wife, provided the killing takes place before the parties to the act separate," etc., as now construed does not justify the husband in killing the wife under such circumstances.  Following Billings v. State, 277 S. W. 687, and Jimenez v. State, 280 S. W. 829.

ON REHEARING.

**2.—Same—Evidence—Objections To—Must Be Preserved by Bill.**

Where objection is made to the introduction of testimony, the complaint of its admission must be reserved in a proper bill of exception to be reviewed on appeal.  The fact that such complaint was set up in a motion for a new trial, or that the court withdrew the testimony, will not take the place of a bill.  See Art. 667, Vernon's C. C. P., Vol. 2, and authorities there collated.

Appeal from the District Court of Marion County.  Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Rowell & Rowell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of manslaughter and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant was indicted for the offense of murdering his wife, Alice Jordan, by shooting her with a gun.  It was the contention of the state that the homicide was murder.  The appellant defended upon the ground that he had suspected his wife of being unduly intimate with one Charlie Carter; that on the night of the homicide he pretended to leave home, but returned shortly thereafter and discovered his wife and Carter engaged in an act of carnal intercourse; that he got his gun for the purpose of killing Carter, but that his wife ran in and grabbed the gun and was accidentally killed in the scuffle which ensued.

The record is without bills of exception, and the only complaint

urged by appellant is to the refusal of the court to instruct the jury that if appellant detected his wife and Charlie Carter in an act of sexual intercourse, he would have the lawful right to kill either his wife or Carter, or both of them.   This contention is based upon Art. 1220, P. C., which states:

"Homicide is justifiable when committed by the husband upon one taken in the act of adultery with the wife, provided the killing takes place before the parties to the act have separated," etc.

And upon the former decisions of this court construing said statute, to the effect that the husband would be justified in killing the wife under such circumstances.   See Williams v. State, 165 S. W. 583, and Cook v. State, 180 S. W. 254.   However, this court, in the cases of Billings v. State, 277 S. W. 687, and Jimenez v. State, 280 S. W. 829, overruled the construction placed upon this statute in the Williams and Cook cases, supra, and held that the legislature did not, in passing said statute make the killing of the wife justifiable when she was detected by the husband in an act of illicit intercourse with another, and that the husband, under such circumstances, would only be justified in killing the wife's paramour.   The trial court, having followed the rule announced by this court in the Billings and Jimenez cases, supra, committed no error in refusing to give the requested charge.

There being no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant states in his motion that the trial court, over objection, permitted the state to prove by two witnesses that appellant made certain damaging statements at the inquest proceedings at a time when he was under arrest and unwarned.   This complaint is not verified by any bill of exception.   However, it is insisted that because the record shows that the court by a supplemental charge withdrew such testimony from the jury this court should consider the matter even in the absence of a bill of exception.   In the absence of a bill properly authenticated by the trial judge we cannot assume that any

evidence went before the jury over appellant's objection.   The fact that such complaint was set up in the motion for new trial, or that the court withdrew certain testimony, will not take the place of a bill.   The necessity for complaint to be perpetuated by a bill of exception seems to be contemplated by Art. 667, C. C. P.   Many authorities will be found collated in the Notes under said Article in Vernon's C. C. P., Vol. 2.

The motion for rehearing is overruled.                *Overruled.*